UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HAROLD EUBANKS, JR., :
    Plaintiff :
:
vs. : CIVIL NO. 13-CV-1480
:
:
QUANTUM IMAGING & :
THERAPEUTIC ASSOCIATES, INC., :
    Defendant. :
:

*M E M O R A N D U M*

*I.    Introduction*

We are considering Defendant's motion to dismiss Plaintiff's complaint. (Doc. 15). *Pro se* Plaintiff Harold Eubanks, Jr., initiated this action on June 3, 2013 (Doc. 1), and has since filed two amended complaints. (Docs. 7, 11). The most recent amended complaint was filed September 10, 2013. (Doc. 11). On October 31, 2013, Defendant filed the instant motion to dismiss the complaint for lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. Although the motion is unopposed,[1] the Third Circuit has instructed that we may not simply grant an unopposed motion to dismiss. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, we will address the merits of Defendant's motion.

---

1. Plaintiff neglected to file a brief within fourteen (14) days after service of Movants' supporting brief, as required by Local Rule 7.6.

*II.     Background*

The following facts are set forth in Plaintiff's complaint and are taken as true, as they must be when considering a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). On an unspecified date, a box was pushed "from the shelf person on [the] other side of vision tunnel" into Plaintiff's leg, causing him severe pain and requiring treatment. (Doc. 11). Later, Plaintiff developed cancer at the site of this injury. (Doc. 11). Plaintiff seeks attorneys fees and court costs, medical costs, and "50 million dollars CASH settlement." (Doc. 11).

*III.    Discussion*

*A. Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction. When a motion to dismiss pursuant to Rule 12(b)(1) is presented, the plaintiff is required to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Plaintiffs "bear the burden of establishing their standing." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)). [W]hen presented with a *pro se* litigant, we 'have a special obligation to construe his complaint liberally.'" Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (quoting United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)).

### B. Subject-Matter Jurisdiction

Even construing Plaintiff's complaint liberally, we find no allegations that support federal jurisdiction in this case. Plaintiff has re-stated his claim three times, and still fails to allege basic information, such as where and when the incident occurred. He does not base his claim on a federal statute;[2] nor does he allege that diversity of citizenship exists between the parties. Because we find that subject matter jurisdiction is lacking, we need not decide if Plaintiff has stated a claim that passes muster under Rule 12(b)(6).

### IV. Conclusion

For the reasons above, Defendant's motion to dismiss will be granted. Leave to amend the claims will be denied as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile); see also Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3d Cir. 1993) (leave to amend may be denied where Plaintiff has repeatedly failed to cure deficiency through previous amendments). We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

---

2. While Plaintiff's first complaint relates that he filed the action under 28 U.S.C. § 1331 (Doc. 1), he fails to allege anything supporting federal question jurisdiction in the subsequent complaints. (Docs. 7, 11).